IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

July 31, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

|  |  |  |
|---|---|---|
| Abdul Hakim Grant, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:25-cv-000843 |
| | ) | |
| Warden David Zook *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Abdul Hakim Grant, formerly incarcerated at Wallens Ridge State Prison and proceeding *in forma pauperis*, filed this action under 42 U.S.C. § 1983 against multiple defendants.[1] Grant's complaint, (Dkt. 1), asserts numerous claims arising out of an incident that occurred on May 20, 2025, and subsequent events related to the aftermath of that incident. Grant alleges that on May 20, 2025, he was abused and physically attacked by correctional officers. Grant's complaint asserts twenty-one enumerated claims.[2] Grant has asserted multiple claims of excessive force against alleged perpetrators Nicolo, Anderson, Bostic, Odell, and Roberts, breaking up the claims into incidents that occurred in different locations and/or

---

[1] The Defendants employed by the Virginia Department of Corrections and represented by the Office of the Attorney General will be referred to as the "VDOC Defendants." The VDOC Defendants are Warden David Zook, L.T. Dustin Cooke, Correctional Officer Nia McClanahan, Sgt. Jonathan Nicolo, Correctional Officer William Anderson, Correctional Officer Tucker Bostic, Correctional Officer Kenneth Odell, and Correctional Officer Ezekiel Roberts. (Dkt. 21 at 2.) Defendant Nurse Chastity Collins is represented by outside counsel.

[2] The court agrees with the VDOC Defendants that claims 19 and 20 as asserted by Grant are repetitive and do not state distinct claims. (Dkt. 21 at 6 n.5.) Claim 21 is also a restatement of other claims. Defendant Collins reorganized the claims asserted by Grant into nine claims. While this organization is not incorrect, the court will use Grant's framework for clarity at this stage of the litigation and will address the claims as presented by him in the complaint, (Dkt. 1 at 27–35), and as recapitulated by the VDOC Defendants, (Dkt. 21 at 3–5). The court will dismiss claims 19–21 as repetitive of other claims.

applied force to different body parts.[3]  Thus, claims 1 through 8 and 10 through 14 all allege excessive force violations under the Eighth and Fourteenth Amendments to the United States Constitution as well as any supported pendent state law claims.  (*Id.* at 27–32.)  Claim 9 complains about the alleged perpetrators' calling Grant a racial epithet and forcing him to apologize for being a Muslim[4] during an assault.  (*Id.* at 30.)  Claim 15 asserts that Defendants Cooke and Collins witnessed assaults and failed to intervene.  (*Id.* at 32.)  Claim 16 asserts that Defendant Collins failed to appropriately treat his injuries and failed to intervene to prevent further assaults.  (*Id.* at 33; Dkt. 42-1 at 3.)  Claim 17 asserts Defendant Zook was deliberately indifferent and should face liability for his alleged tolerance of correctional officer wrongdoing.  (Dkt. 1 at 33–34.)  Claim 18 asserts that Defendant McClanahan made defamatory, slanderous, libelous and false statements regarding Grant in violation of the Eighth and Fourteenth Amendments as well as Virginia tort law.  (*Id.* at 34.)

Defendants have moved to dismiss some of the claims asserted by Grant.  Specifically, Defendant Collins moved for summary judgment as to the claims asserted against her (claim 15 in part and claim 16 in whole) for lack of administrative exhaustion.  (Dkts. 29, 30.)  Defendant Zook moved to dismiss the claim asserted against him, claim 17, for lack of personal involvement.  (Dkts. 20, 21.)  The VDOC Defendants also request dismissal of Grant's claims related to racial and religious verbal abuse (claims 9 and 18), claims asserted under the Fourteenth Amendment (all claims, in part, except claim 12 (asserted only pursuant

---

[3] Because Grant alleges that OC spray was applied to his genitals, he characterizes some of the acts as "sexual assaults." (*See, e.g.*, Dkt. 42-1 at 2.)

[4] Grant explains that he is not a Muslim, but he asserts that Defendants assumed he was because of his name.  (Dkt. 1 at 13.)

to the Eighth Amendment) or in whole (claims 13 and 14)), official capacity claims for monetary relief, and the claim for injunctive relief. (*Id.*)

For the reasons explained below, the court will grant the pending motions and will dismiss some of the claims asserted by Grant. Grant opposed the motions, (Dkt. 42), and moved for summary judgment, (Dkt. 43), which the court will deny. Thus, some of the claims asserted by Grant will proceed, and the court will subsequently issue a scheduling order.

## I.    Standard of Review

"[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of the complaint." *Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state[] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim is plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and if there is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 556 (2007)). In making this evaluation, the court accepts all well-pled facts as true, but it need not assume the truth of any "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement," as these are not well-pled facts. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

Pleadings filed by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Under Rule 56, summary judgment is proper where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists only where the record, taken as a whole, could lead a reasonable jury to return a verdict in favor of the nonmoving party. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009). In making that determination, the court must take "the evidence and all reasonable inferences drawn therefrom in the light most favorable to the nonmoving party." *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011).

A party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). Moreover, "[t]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. Instead, the non-moving party must produce "significantly probative" evidence from which a reasonable jury could return a verdict in his favor. *Abcor Corp. v. AM Int'l, Inc.*, 916 F.2d 924, 930 (4th Cir. 1990) (quoting *Anderson*, 477 U.S. at 249–50).

## II.    Analysis

The court first addresses the motion to dismiss. (Dkt. 20.) Section 1983 liability is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001); *see also Iqbal*, 556 U.S. at 676 (providing that a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution).

"[L]iability may be imposed based only on an official's own conduct." *Danser v. Stansberry*, 772 F.3d 340, 349 (4th Cir. 2014).

The VDOC Defendants contend that Grant failed to allege sufficient personal involvement of Defendant Zook in Claim 17. (Dkt. 21 at 7.) Indeed, the complaint fails to provide any detail about Zook's involvement, (*see generally* Dkt. 1), and neither does Grant's opposition, (Dkt. 42). Grant has alleged only that Zook was "aware of" unspecified past abuses by the Special Response Team. (Dkt. 1 at 24–25; Dkt. 42-1 at 4.) But Grant does not describe the prior incidents of alleged abuse; he does not specify any alleged wrongdoers or victims. He does not connect any prior incidents to his assault. Neither does he explain how he knows about Zook's alleged awareness, nor cite any evidence objectively indicating any awareness on Zook's part (such as a response to a grievance). Grant simply claims that Zook was aware without any elaboration. This is simply not sufficient to support a plausible claim of entitlement to relief against Zook or to support a supervisory liability claim. *See Wilkins v. Montgomery*, 751 F.3d 214, 226 (discussing elements of a supervisory liability claim, none of which are alleged by Grant or supported by asserted facts).

Further, the VDOC Defendants challenge the assertion of any claim (or portion of a claim) asserted by Grant under the Fourteenth Amendment. (Dkt. 21 at 14.) Grant complains that excessive force was used against him and that he was verbally abused.[5] (Dkt. 1 at 27–32.) Because Grant was a convicted inmate at the time of the incidents, (*id.* at 4), his claims of excessive force are evaluated under the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312,

---

[5] He has not asserted any claims that his due process rights were violated or identified facts that would support such a claim.

327 (1986) (holding that Eighth Amendment controls convicted inmate's claim of excessive force). Grant also asserts claims of verbal abuse under the Fourteenth Amendment, but it has no applicability to these claims because Grant was not a pretrial detainee. *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) (noting that the Fourteenth Amendment governs pretrial detainee's claims of excessive force); *see Blankenship v. Light*, No. 7:26-cv-00031, 2026 WL 1004804, at *1–2 (W.D. Va. Apr. 14, 2026) (considering both amendments as possibly applying to claims of verbal abuse because the inmate had not specified his status). Thus, several claims will be dismissed to the extent that they assert a claim arising under the Fourteenth Amendment—specifically claims 1–11 (in part), claims 13–14 (in whole), and claim 15 (in part).

Next, the VDOC Defendants request dismissal of two claims—claims 9 and 18—in which Grant asserts only verbal abuse in violation of the Eighth Amendment. (Dkt. 21 at 12–14.) Grant asserts claim 18 against Defendant McClanahan. Grant asserts that McClanahan came to his cell prior to the assaults by other officers and told Grant that "if you cuff up when they come you're a bitch." (Dkt. 1 at 8.) But "verbal harassment alone—even including the use of racial epithets—while abhorrent and unprofessional, does not violate the Eighth Amendment." *Richardson v. Davis*, No. 7:21-cv-00559, 2021 WL 5889985, at *2 (W.D. Va. Dec. 10, 2021) (citing *Henslee v. Lewis*, 153 F. App'x 179, 179 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983.")); *Morva v. Johnson*, No. 7:09-cv-00515, 2011 WL 3420650, at *7 (W.D. Va. Aug. 4, 2011) (collecting authority for the proposition that "[v]erbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety," do not give rise to a due process

violation or an Eighth Amendment violation)).  Grant has alleged only that Defendant McClanahan verbally abused him prior to the other Defendants' assaultive behavior.  This is insufficient to support a plausible claim of entitlement to relief under the Eighth Amendment.  In the absence of any viable federal claim, the court declines to exercise supplemental jurisdiction over any related state law claims asserted against Defendant McClanahan.

Claim 9 asserts that Defendants Nicolo, Anderson, Roberts, Bostic, and Odell used racial epithets against Grant and made him state "I[']m sorry for being a Muslim" in violation of the Eighth Amendment.  (Dkt. 1 at 30.)  Again, mere verbal abuse is not sufficient to support an independent and free-standing Eighth Amendment claim, although the comments would be relevant to the context of the excessive force claims when those claims are resolved.  In his opposition to the motion to dismiss, Grant mentions the First Amendment in connection with the verbal abuse, (Dkt. 42 at 3; Dkt. 42-1 at 3), but there are no allegations in the complaint or his opposition that state Grant's rights to free exercise of religion or speech were impacted.  Accordingly, claim 9 fails as a viable, independent § 1983 claim, and the court will decline to exercise supplemental jurisdiction over any asserted related state law claims.

Next, any claims for monetary damages against the VDOC Defendants in their official capacities will be dismissed because Defendants in their official capacities are immune from monetary damages.  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  The court will reserve any issues related to permanent injunctive relief until resolution of the claims that will proceed.  But, in the meantime, Grant has not shown the elements that would entitle him to any preliminary injunctive relief as he requested.  Grant asks that a preliminary injunction issue requiring that video cameras be installed in the medical rooms to prevent staff from "beating

on inmates in those rooms." (Dkt. 1 at 39.)  But he has addressed none of the factors that the court must consider in assessing this request for a preliminary injunction and thus failed to meet his burden. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (establishing factors that a moving party must demonstrate); 18 U.S.C § 3626(a)(2) (establishing standards under the Prison Litigation Reform Act for preliminary injunctive relief).  Accordingly, the court will deny Grant's request for preliminary injunctive relief.

The court will next address Defendant Collins' motion for summary judgment, (Dkt. 29), which asserts that the claims asserted against her should be dismissed in part (claim 15) and in full (claim 16) for lack of exhaustion.  The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), requires that inmates exhaust available administrative remedies prior to filing civil actions. *Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.").  "[A] court may not excuse a failure to exhaust, even to take [special] circumstances into account" because the PLRA's mandatory exhaustion scheme "foreclos[es] judicial discretion." *Ross v. Blake*, 578 U.S. 632, 639 (2016).  Further, exhaustion must be completed in accordance with the rules of the institution. *See, e.g.*, *Woodford*, 548 U.S. at 90–91 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings.").

Lack of exhaustion is an affirmative defense that must be asserted by a defendant. Once the defendant has made a threshold showing of a failure to exhaust, the burden shifts

to the plaintiff to show that such administrative remedies were unavailable. *Washington v. Rounds*, 223 F. Supp. 3d 452, 459 (D. Md. 2016) (citing *Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011)).  Whether an administrative remedy has been exhausted for purposes of the PLRA "is a question of law to be determined by the judge." *Creel v. Hudson*, No. 2:14-cv-10648, 2017 WL 4004579, at * 3 (S.D. W. Va. Sep. 12, 2017) (quoting *Drippe v. Tobelinski*, 604 F.3d 778, 782 (3d Cir. 2010)); *see also Woodhouse v. Duncan*, 741 F. App'x 177, 178 (4th Cir. 2018) ("[J]udges may resolve factual disputes relevant to the exhaustion issue without the participation of a jury." (citation omitted)).  The exception to the rule is when PLRA exhaustion "is intertwined with the merits of a claim that falls under the Seventh Amendment," such as when an inmate alleges that he was retaliated against by a Defendant destroying his grievances.  *Perttu v. Richards*, 605 U.S. 460, 468 (2025).  Claim 17 does not involve a retaliation claim.

As shown by the affidavit of C. Vilbrandt, Wallens Ridge State Prison is a VDOC facility with an established grievance process.  (Dkt. 30-1 ¶ 4.)  Under Operating Procedure (OP) 866.1, Offender Grievance Procedure, inmates must submit a written complaint within 15 days and a written grievance within 30 days of the incident giving rise to their claim.  (*Id.* ¶ 6; 12–13.)  Grant's claim against Defendant Collins relates to the care he received on May 20, 2025.  Grant did not submit a grievance related to his medical care or any medical staff's failure to intervene until July 30, 2025.[6]  (*Id.* ¶ 17.)  He does not dispute the delay but attempted

---

[6] He did submit a timely grievance related to the alleged assaults but nothing in the various levels of appeal relates to the wrongdoing he now asserts against Defendant Collins.  (Dkt. 30-1 ¶ 16.)  Grant also filed additional late grievances about Defendant Collins on September 11, 2025.  (*Id.* ¶ 18.)

to excuse it at the time[7] by explaining that he did not submit the complaint on time because he did not know Defendant Collins's name.  (Dkt. 30-1 at 32 (Grant stating in his written complaint that he had "just figured out through my medical file who was the nurse that were suppose to be assessing me on 5-20-25")).)  That is the only reason Grant asserts to excuse the failure to file a grievance by the deadline.  But identification of individuals by name is not required for compliant PLRA exhaustion.  *See Jones v. Bock*, 549 U.S. 199, 219 (2007) ("[E]xhaustion is not per se inadequate simply because an individual later sued was not named in the grievances."); *Moore v. Bennette*, 517 F.3d 717, 730 (4th Cir. 2008) (finding that proper exhaustion does not require the identification of individuals by name).

"The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.  "[T]o satisfy the exhaustion requirement, grievances generally need only be sufficient to 'alert[ ] the prison to the nature of the wrong for which redress is sought.'" *Wilcox v. Brown*, 877 F.3d 161, 170 n.4 (4th Cir. 2017) (citing *Strong v. Davis*, 297 F.3d 646, 650 (7th Cir. 2002)).  "[O]nce a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." *Id.*  Nothing in the VDOC Operating Procedure governing grievances requires an identification of the name of the actor.  (Dkt. 30-1 ¶ 17); *see generally* Operating Procedure (OP) 866.1, Offender Grievance Procedure, https://vadoc.virginia.gov/files/operating-procedures/800/vadoc-op-866-1.pdf.    Further,

---

[7] Grant's opposition does not address the issue of his failure to exhaust except for a conclusory claim that he fully complied with all requirements.  (Dkt. 42-1 at 4.)  Nonetheless, given Grant's *pro se* status, the court has considered whether the delay could be excused by his professed lack of knowledge of Defendant Collins's name until he first submitted written complaint and grievance in July 2025.  (*See* Dkt. 30-1 at 30, 32.)

nothing in the VDOC Operating Procedure extends the applicable deadlines for identifying individuals by name. *Id.* Grant could have asserted that he received inadequate medical care from a nurse or that a nurse failed to intervene within the applicable deadline and properly complied with the exhaustion requirement. He did not do so,[8] and the court may not consider claims that were not properly exhausted. Accordingly, the court will dismiss Grant's claims against Defendant Collins.

Finally, Grant filed a motion for summary judgment. (Dkt. 43.) The material facts set forth by Grant in support of his motion are disputed as explained by the VDOC Defendants' Response to Grant's motion (Dkt. 44) as well as affidavits from Defendants Cooke, McClanahan, and Nicolo, (Dkt. 44-1, 44-2, and 44-3), leaving a genuine dispute of material facts and thus precluding summary judgment. Fed. R. Civ. P. 56.

### III.  Conclusion and Order

In accordance with the reasoning above, the court **GRANTS** Defendants' motion to dismiss, (Dkt. 20), and Defendant Collins' motion for summary judgment, (Dkt. 29). Defendants Collins, Zook, and McClanahan and Claims 9, 13–14, 16–21 are **DISMISSED** from this action. All claims invoking the Fourteenth Amendment are **DISMISSED**. The court **DENIES** Grant's requests for monetary damages against Defendants in their official capacities and his request for preliminary injunctive relief. The court **DENIES** Grant's motion for summary judgment. (Dkt. 43.)

---

[8] Even if Grant mistakenly believed he was required to name Collins, his lack of knowledge about the level of detail required does not excuse his non-compliance. *See Adams v. Sw. Va. Reg'l Jail*, 2014 WL 3828392, at *3 (W.D. Va. Aug. 4, 2014) (noting that inmate's ignorance of procedures does not excuse compliance).

The Clerk is **DIRECTED** to mail a copy of this Memorandum Opinion and Order to

Grant.

      **IT IS SO ORDERED.**

      **ENTERED** this 31st day of July, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE

-12-